UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANGELA TUCKER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:24-cv-00595-JMB |
| | ) | |
| TSA CLAIMS MANAGEMENT BRANCH, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM and ORDER**

Now pending before the Court is Defendant TSA Claims Management Branch's Motion to Substitute the United States as Defendant. Doc. [3]. Plaintiff, who is proceeding *pro se*, has not filed a response by the deadline.  For the reasons set forth below, the Motion is **GRANTED**.

BACKGROUND

Plaintiff Angela Tucker filed a petition in small claims court on January 5, 2024 after her luggage was allegedly damaged by the Transportation Security Administration (TSA) in March, 2021.  She seeks $780.00 in compensation for damage to the luggage, pain and suffering, filing fees, and costs.  Defendant removed this action on April 25, 2024, pursuant to 28 U.S.C. § 1442(a)(1), which permits removal of claims against United States agencies and officers. Defendant asserts in the Notice of Removal that Plaintiff is in fact seeking relief pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq*., which is the exclusive remedy for her claims.

DISCUSSION

TSA is a division within the Department of Homeland Security, a federal agency.  In general, the United States and its agencies are immune from suit unless sovereign immunity is

waived by Congress. *Loeffler v. Frank*, 486 U.S. 549, 554-555 (1988).   As it relates to this case, the United States has waived sovereign immunity in civil actions pursuant to the FTCA:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

28 U.S.C.  § 2674; *Mader v. United States*, 654 F.3d 794, 797 (8th Cir. 2011).  The FTCA is the exclusive remedy for property damage caused by the negligent or wrongful acts of government employees while acting within the scope of their employment.  28 U.S.C. § 2679(b)(1).

The practical effect is that if Plaintiff is suing federal employees for their allegedly negligent or wrongful acts taken within the scope of their employment, then her only remedy is against the United States, which must be substituted as the party Defendant.  *Kearns v. United States*, 23 F.4th 807, 811 (8th Cir. 2022); *Anthony v. Runyon*, 76 F.3d 210 , 212-13 (8th Cir. 1996). Plaintiff's complaint does not mention any employee or that she is presenting a tort claim. However, a reasonable inference to be drawn is that she is claiming property damage at the hands of employees of the TSA.  As such, Plaintiff is alleging a tort claim against federal employees who were acting within the scope of their employment and her claim is against the United States.

## CONCLUSION

For the above reasons, Defendant's Motion to Substitute the United States as Defendant, Doc. [3], is **GRANTED**.  The United States is **HEREBY substituted** for Defendant TSA Claims Management Branch.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of June, 2024