**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANGELA TUCKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:24-CV-00595-JMB |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S SECOND MOTION TO COMPEL**

COMES NOW Defendant United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Karin A. Schute, Assistant United States Attorney for said District, and responds in opposition to Plaintiff Angela Tucker's Motion to Compel Full and Complete Discovery Responses (Doc. 42) as follows:

1. On March 3, 2025, Plaintiff Angela Tucker filed a Motion to Compel Full and Complete Discovery Responses. Doc. 33. In her motion, Tucker identified eight Interrogatory answers and Request for Production responses that she claims the Defendant inadequately answered or improperly objected to without answering. Doc. 33 at 2-4. However, Tucker did not explain why she believes the answers and objections are inadequate or improper.

2. The Defendant responded in opposition to Tucker's motion to compel. Doc. 38. Tucker did not file a reply in support of her motion to compel. The motion is still pending before the Court.

3. On March 31, 2025, Tucker filed a second Motion to Compel Full and Complete Discovery Responses. Doc. 42. This motion appears to be a duplicate of the first motion to compel

(Doc. 33). Tucker did not raise any new arguments or provide more details in the second motion to compel.

4. For the same reasons as discussed in the Defendant's response in opposition to Tucker's motion to compel (Doc. 38), Tucker's second motion to compel is meritless. Tucker did not explain in her second motion to compel why she believes the Defendant's discovery answers and objections are inadequate or improper. *See* Doc. 42 at 1-5. Therefore, the Court has no basis to compel information or documents from the Defendant.

5. Tucker further stated in her motion that she made good faith efforts to resolve this dispute through emails and phone calls to undersigned counsel. Doc. 42 at 1. During a phone call, Tucker informed undersigned counsel that she believed the Defendant's discovery responses were inadequate, but Tucker did not request that the Defendant supplement specific responses and did not elaborate on the alleged inadequacies. Additionally, Tucker has not offered to modify or limit the disputed requests in any way. As such, undersigned counsel is not aware of the basis for Tucker's belief that a discovery dispute exists.

6. Despite Tucker's failure to initiate a meaningful meet and confer, the Defendant does not believe that an informal meet and confer would result in the Defendant supplementing its responses. The Defendant believes that its objections are well-founded and its answers are sufficient. Further, the Defendant provided Tucker with a Redaction and Privilege Log (Doc. 42 at 6) for the documents that were withheld or redacted and identified the legal bases for the asserted privileges.

7. Pursuant to the Court's Case Management Order, the Court ordered that if a discovery dispute cannot be resolved, the Defendant should file a motion for a discovery dispute hearing setting forth a brief description of the nature of the dispute, and the matter would be set

for a hearing. Doc. 21 at 2. As described above, Tucker has not articulated in writing or orally the specific bases for her motion to compel. Without such information, the Defendant does not have sufficient information to set forth a description of the nature of the dispute. For the reasons discussed below, the Defendant believes that the Court can resolve this dispute without a hearing and based only upon the pleadings.

8. The district court has broad discretion in ruling on discovery motions and the Eighth Circuit reviews such rulings "for gross abuse of discretion resulting in fundamental unfairness at trial." *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (internal quotations omitted). In *Lee*, the Eighth Circuit held that the district court did not abuse its discretion in denying the plaintiff's discovery motions where the plaintiff did not indicate what he requested in discovery or state how he was deprived of information that he needed, and the defendant offered to produce documentation for inspection. *Id.*

9. Here, Tucker did not identify what specific information/documents she seeks to compel within the Interrogatories or Requests for Production, she did not explain why she believes that the Defendant improperly objected to or insufficiently answered her discovery requests, she did not explain how her requests fall within the scope of Federal Rule of Civil Procedure 26(b), and she did not provide any legal basis that supports a demand for the privileged documents/information identified in the Defendant's Privilege and Redaction Log.

10. As a result, the Court should deny Tucker's motion to compel. *See Lee*, 991 F.2d at 489; *see also Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 637 (8th Cir. 2000) (district court did not abuse its discretion in denying motion to compel where plaintiff was "grossly attempting to expand the scope of her complaint with burdensome and irrelevant discovery requests").

Wherefore, Defendant United States of America respectfully requests that this Court deny Tucker's second motion to compel, and award it any additional relief deemed just and proper.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*/s/ Karin A. Schute*
KARIN A. SCHUTE #62019MO
Assistant United States Attorney
Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street, 20th Floor
St. Louis, MO 63102
(314) 539-6850
Fax: (314) 539-2287
karin.schute@usdoj.gov

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I certify that on April 8, 2025, a copy of the foregoing document was filed electronically with the Clerk of the Court and was served via the Court's e-filing system on the following:

Ms. Angela Tucker
St.Louis71@yahoo.com

*Self-represented Plaintiff*

*/s/ Karin A. Schute*
KARIN A. SCHUTE