UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGELA TUCKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:24 CV 595 JMB |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant United States of America's Motion for Summary Judgment (Doc. 35), Plaintiff's Motions related to discovery (Docs. 33, 34, 41, and 42), Plaintiff's Motion to Dismiss Motion for Summary Judgment (Doc. 43), and Plaintiff's Motion to Continue Trial (Doc. 47). For the reasons set forth below, the Motion for Summary Judgment is **GRANTED** and Plaintiff's Motions are **DENIED**.

**I.     Introduction**

Plaintiff filed suit on January 5, 2024 in small claims court alleging that her luggage was damaged in the amount of $1,560.00 by the Transportation Security Administration (TSA) in connection with a flight in March, 2021 (Doc. 1-5, p. 1). This matter was removed on April 25, 2024 pursuant to 28 U.S.C. § 1442(a) (Doc. 1) and the United States of America was substituted as Defendant (Doc. 8). After a period of discovery, during which Plaintiff's deposition was taken, Defendant moved for summary judgment (Doc. 35). Plaintiff has not responded to the motion for summary judgment or to Defendant's Statement of Uncontroverted Facts (DSUF) (Doc. 37) as

required by Federal Rule of Civil Procedure 56 and Local Rule 4.01.[1]  However, Plaintiff has filed discovery motions which will be addressed first.

**II.      Discovery Motions**

      A.      <u>Motions to Compel Full and Complete Discovery Responses (Docs. 33 and 42).</u>

These motions are identical, except one is signed and the other is not, and contain the same exhibits.  In these Motions, Plaintiff states that she served interrogatories on Defendant on November 20, 2024 and that Defendant's responses are inadequate.  Plaintiff represents that she attempted to confer with Defendant to resolve deficiencies but that the parties were unable to resolve their dispute.  The Motions then quote the interrogatory questions, answers, and objections.  Plaintiff then requests that the Court compel "full and complete" answers to the interrogatories.  There is no argument or suggestion as to why Defendant's answers are insufficient.

Federal Rule of Civil Procedure 33(b)(4) permits a responding party to provide specific objections to interrogatories.  If a party believes those objections are unfounded or that a party provided evasive or incomplete responses, it may file a motion to compel pursuant to Rule 37(a) after attempting to informally resolve the dispute.  Such a motion, however, must contain "relevant argument and citations to any authorities on which the party relies."  Local Rule 4.01(A).  Plaintiff's Motions contain no argument or reason why Defendant's answers are deficient and the Court will not guess at Plaintiff's potential arguments.  For this reason, the Motions (Docs. 33 and 42) are **DENIED**.

      B.      <u>Motions to Dismiss Deposition Testimony and for Sanctions (Docs. 34 and 41).</u>

These Motions are likewise identical, except that one is signed and the other is not, and include pages from Plaintiff's deposition, taken on December 19, 2024.  Plaintiff states that her

---

[1] Plaintiff's *pro se* status does not excuse her from compliance with the Local Rules or the Federal Rules of Civil Procedure.  <u>Ackra Direct Marketing Corp. v. Fingerhut Corp.</u>, 86 F.3d 852, 856-857 (8th Cir. 1996).

deposition contains false statements and that "[d]uring the deposition, Angela Tucker testified and Attorney Schute and Court Reporter omitted and changed Angela Tucker's sworn testimony and Attorney Schute violated Angela Tucker's 5th Amendment, HIPPA rights and Deposition rules" (Doc. 34, p. 1; Doc. 41, p. 1). The Motions are unsupported and wholly without merit.

Federal Rule of Civil Procedure 32 permits depositions by oral examination and sets forth the method of recording, the role of the officer (with the qualifications of the same contained in Rule 28), procedures before, during, and after the deposition, objections during the deposition, and a witness's ability to review and to make changes in form or substance. Plaintiff has pointed out no violation of Rule 32 or specified in what manner the deposition violated any of her federally protected rights. Nor has Plaintiff identified what changes she would make to the deposition even though she makes page and line designations presumably containing errors. Finally, there is no evidence or argument to support Plaintiff's vague contention that defense counsel and the court reporter falsified or changed her deposition answers. As with Plaintiff's Motions to Compel, these Motions are wholly without merit and are **DENIED** (Docs. 34 and 41).

**III.    Motion for Summary Judgment (Doc. 35) and Motion to Dismiss Defendant's Motion for Summary Judgment (Doc. 43).**

   A.    Background

The undisputed evidence reveals that on March 14, 2021, Plaintiff flew from Chicago's Midway Airport to St. Louis' Lambert Airport on a Southwest Airlines flight (Defendant's Statement of Uncontroverted Material Facts (DSUF) ¶ 1).[2] She checked in two bags between

---

[2] Plaintiff did not file a response to Defendant's Statement of Uncontroverted Material Facts. As such, pursuant to Local Rule 4.01(E), all facts contained in Defendant's statement are deemed admitted for purposes of summary judgment. Plaintiff's Motion to Dismiss Motion for Summary Judgment (Doc. 43), repeats Plaintiff's statements about discovery violations, and while purporting to cite to case authority, does not respond to Defendant's arguments on summary judgment. It is wholly unsupported by evidence and without merit. As such, it is **DENIED**.

11:30 a.m. and 12:00 p.m., a duffle bag and a roller bag, that were both locked with the keys attached to the luggage (DSUF ¶¶3-6).  These bags were undamaged when she checked them in (DSUF ¶ 41).

The bags did not arrive at Lambert Airport at the same time as Plaintiff (DSUF ¶ 12).  Upon arrival, Plaintiff spoke to a person at the "baggage claim desk" in Lambert Airport about her missing bags and was informed that they would arrive on the next flight (DSUF ¶ 15).  When Plaintiff returned to Lambert Airport to retrieve her bags, she noticed that the locks were broken and missing, the keys were missing, the zippers were broken or damaged, and the bags themselves were damaged (DSUF ¶¶ 17, 24).  Prior to turning over the bags, the person at the baggage claim desk took tags off the exterior of the bags (DSUF ¶18).

When Plaintiff opened up her bags, she noticed that there was a document in her roller bag that indicated it had been checked or opened or something to that effect (DSUF ¶ 25).  Plaintiff did not keep the piece paper and did not notice a similar piece of paper in her duffel bag (DSUF ¶¶ 26-27).  Plaintiff only saw two people handle her luggage, the Southwest Airlines attendant upon check-in to her flight and the baggage claim desk person when she picked up her bags at Lambert Airport (DSUF ¶ 45).  Plaintiff believes that her bags were damaged at Midway Airport (DSUF ¶ 28).  There is no suggestion or evidence that anything inside the luggage was broken or damaged or that anything was stolen from the bags.

At Midway Airport, bags are handled by a Baggage Handling System (BHS) which is operated by the airlines and the airport (DSUF ¶49).  TSA screens bags through automated screening equipment "via" the BHS; if a bag does not "alarm" it proceeds to the "airline's baggage makeup area" (DSUF ¶¶48-50).[3]  If a bag does alarm, it is rerouted to a TSA screening officer who

---

[3] Defendant does not specify what an "alarm" entails.

evaluates the alarm and either sends the bag back to the BHS or to another TSA screening officer (DSUF ¶¶ 51-53). Both screenings are done by viewing an image of the bag and do not entail touching the bags (DSUF ¶ 52). If, after the second touchless screening, the alarm cannot be resolved, the bag is opened and physically inspected by the second TSA officer (DSUF ¶ 55). This physical inspection typically lasts 5-10 minutes (DSUF ¶ 58).

If a bag has a TSA-approved lock, a master key is used to open the bag; if the bag has a non-TSA-approved lock, it is cut and placed inside the bag (DSUF ¶ 57, 60, 63). There is no evidence about whether the locks on Plaintiff's bags were TSA-approved. When TSA personnel open a bag, they place a printed "Notice of Inspection" that is time-stamped in the bag (DSUF ¶ 59). If TSA personnel must force open a bag, they secure the bag with TSA logo printed tape (DSUF ¶ 62). Once bags are cleared by TSA, they are re-introduced to the BHS system for delivery to the airline's baggage makeup area for delivery to an airplane (DSUF ¶ 64).[4] TSA has no control of any bag outside of the physical screening area and does not hold or store luggage (DSUF ¶¶ 66-67).

B.    Standard

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under Rule 56, a party moving for summary judgment bears the burden of demonstrating that no genuine issue exists as to any material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

---

[4] If a bag is not cleared, TSA personnel "will call the appropriate authorities" (DSUF ¶ 56).

Once the moving party discharges this burden, the non-moving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Anderson, 477 U.S. at 247. The non-moving party may not rest upon mere allegations or denials in the pleadings. Id. at 256. "Factual disputes that are irrelevant or unnecessary" will not preclude summary judgment. Id. at 248. The Court must construe all facts and evidence in the light most favorable to the non-movant, must refrain from making credibility determinations and weighing the evidence, and must draw all legitimate inferences in favor of the non-movant. Id. at 255. There are no disputes as to any genuine issue of material facts in this matter.

    C.    Discussion

In her Complaint, Plaintiff alleges that her bags were damaged by employees of the Transportation Security Administration, an agency of the United States government (Doc. 1-5, p. 1). The Federal Tort Claims Act is the exclusive remedy for property damage caused by the negligent or wrongful acts of government employees while acting within the scope of their employment. 28 U.S.C. § 2679(b)(1); 28 U.S.C. § 2674 ("The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages."); Mader v. United States, 654 F.3d 794, 797 (8th Cir. 2011). To prevail on her claim, Plaintiff must show that her claim is:

> [1] against the United States, [2] for money damages, [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Page **6** of **10**

Brownback v King, 592 U.S. 209, 212 (2011) (citing 28 U.S.C. § 1346(b)) (quotation marks and case citation omitted).  While not specifically alleged, Plaintiff claims that her bags were damaged by TSA officials at Midway Airport, in Chicago, Illinois.   Accordingly, Illinois negligence law governs this action.  See Howard v. United States, 964 F.3d 712, 716-717 (8th Cir. 2020) (applying the substantive law of the state where the alleged negligent actions occurred).[5]  To demonstrate negligence, Plaintiff must show that there existed a duty of care, that Defendant breached that duty, and that, as a proximate result, she was damaged.  In re SuperValu, Inc., 925 F.3d 955, 962-963 (8th Cir. 2019); Blood v. VH-1 Music First, 668 F.3d 543, 546 (7th Cir. 2012).  Defendant argues that Plaintiff cannot show causation -- that she cannot show that the actions of a TSA officer were the proximate cause of damage to her luggage.

Proximate cause has two necessary components, factual and legal cause.  Turcios v. DeBruler Co., 32 N.E.2d 1117, 1124 (Ill. 2015).  To show factual cause, Plaintiff must demonstrate that Defendant's "conduct was a material element and a substantial factor in bringing about the injury."  Blood, 668 F.3d at 546 (quotation marks and citation omitted).  To show legal cause, Plaintiff must demonstrate that the injury is foreseeable; "whether the injury is of a type that a reasonable person would see as a likely result of his or her conduct."  Id. (quotation marks, citation, and emphasis omitted).  Proximate cause is typically a question of fact, reserved to the factfinder.  Id.  However, when there are no facts in dispute and reasonable persons would not differ as to the inferences to be drawn from those facts, proximate cause can be determined as a matter of law.  Id.; City of Chicago v. Beretta U.S.A. Corp., 821 N.E.2d 1099, 1127-1128 (Ill. 2004).

Causation need not necessarily be proved by direct evidence and "may be established by facts and circumstances which, in the light of ordinary experience, reasonably suggest that the

---

[5] Even if Missouri law governed this action, the same standard would apply.  See D.J. by and Through R.J. v. First Student, Inc., 707 S.W.3d 581, 586 (Mo. 2025) (outlining Missouri's law on negligence including causation).

defendant's negligence operated to produce the injury." Canzoneri v. Village of Franklin Park, 513 N.E.2d 1103, 1108 (Ill. App. Ct. 1987). However, "proximate cause cannot be predicated on surmise or conjecture, and, therefore, can be established only when a reasonable certainty exists that the defendant's acts caused the injury." Wiegman v. Hitch-Inn Post of Libertyville, Inc., 721 N.E.2d 614, 620 (Ill. App. Ct. 1999). "[A] fact cannot be established by circumstantial evidence unless the circumstances are of such a nature and so related to each other that it is the only probable, not merely possible, conclusion that can be drawn therefrom." Id.; See also, Aalbers v. LaSalle Hotel Properties, 206 N.E.3d 329, 338 (Ill. App. Ct. 2002).

Plaintiff provides no argument supporting her claims. However, her deposition testimony reveals that her baggage was undamaged when she checked them in at Midway Airport. When she retrieved her bags at Lambert Airport, she noticed they were damaged: all the zipper pulls on the luggage were bent and damaged, the locks (three) were missing, and the bumpers were cracked and missing (Doc. 34-7, p. 8). In addition, she found a white "cardboard, paper-like, with red writing" in her roller bag indicating that the bag had been checked (Id. pp. 8-9). There was no tape on either piece of luggage (Id. p. 10). Plaintiff used that same luggage to travel from St. Louis to Baltimore and, when she returned to St. Louis, she took her luggage to get repaired, in June of 2021 (Id. p. 12). Plaintiff observed no additional damage to the bags to and from Baltimore and St. Louis (Id.). Presumably, Plaintiff would argue that only TSA had the authority to open bags and that when it performed its inspection at Midway Airport, the bags were damaged.

However, Plaintiff has no direct knowledge or evidence that TSA personnel handled or damaged her luggage. Defendant notes that Plaintiff's luggage could have been delayed and/or damaged in any number of ways, including through Midway Airport's automated baggage handling system, by airline personnel, or by airport personnel. See Ramirez v. Carobene, ___

N.E.2d ___, 2025 WL 209088, * 6 (Ill. App. Ct. 2025) (stating that in deciding whether defendant's actions were the cause in fact, "we first ask whether the injury would have occurred absent the defendant's conduct." (quotation marks and citation omitted)). At most, because Plaintiff remembers a card in one of her bags indicating that it was opened or searched, Plaintiff has presented some circumstantial that TSA personnel possibly handled and inspected one of her bags. However, she has presented no evidence that this is probably true or that such an inference should be made. See Carroll v. Faust, 725 N.E.2d 764, 687 (Ill. App. Ct. 2000) (setting forth the requirements for *res ipsa loquitur)*; Smith v. United States, 860 F.3d 995, 998 (7th Cir. 2017). And, even if she could demonstrate that it is probably true that TSA personnel handled her luggage, it is sheer speculation and conjecture that TSA personnel *damaged* the exterior of her luggage. Barclay v. Yoakum, 124 N.E.2d 522, 525 (Ill. App. Ct. 2019) ("[P]roximate cause cannot be predicated on surmise or conjecture, and, therefore, causation will lie only when there exists a reasonable certainty that the defendant's acts caused the injury."). As such, Plaintiff cannot demonstrate causation as a matter of law.

Defendant also is entitled to a presumption that public officers properly discharge their official duties absent evidence to the contrary. See McDonough v. Anoka County, 799 F.3d 931, 939 (8th Cir. 2015) (citing United States v. Armstrong, 517 U.S. 456, 464 (1996), quoting United States v. Chem. Found., 272 U.S. 1, 14–15 (1926) ("The presumption of regularity supports the official acts of public officers, and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties."); See also, Wilburn v. Astrue, 626 F.3d 999, 1003 (8th Cir. 2010) (noting the presumption in the administrative context). Defendant has presented some evidence that TSA personnel engage in regular activity when physically searching luggage: they open TSA-approved locks with a master key; they break non-TSA-approved locks

but place the locks in the luggage; they do not damage zippers or zipper-pulls in their inspections; they place a notecard in the luggage indicating that it was searched; and, if they damage zippers they place tape around the luggage.  Except for perhaps the card Plaintiff found in her roller bag, none of these procedures took place – the locks were missing from Plaintiff's bags, the bags were not taped, and there was no evidence of a card indicating that a search was performed in Plaintiff's duffel bag.  Accordingly, it is presumed that TSA personnel, even if they physically inspected Plaintiff's luggage, did not take the locks from her luggage and did not damage the zipper pulls or zippers.  Plaintiff has presented no evidence to rebut this presumption.

### IV.   Conclusion

For the foregoing reasons, Defendant United States of America's Motion for Summary Judgment (Doc. 35) is **GRANTED**, Plaintiff's Motions related to discovery (Docs. 33, 34, 41, and 42) are **DENIED** and, Plaintiff's Motion to Dismiss Motion for Summary Judgment (Doc. 43) is **DENIED**.  In light of these conclusions, Plaintiff's Motion to Continue Trial (Doc. 47) is **DENIED as moot**.

Judgment is granted in favor of Defendant and against Plaintiff and will be entered by separate docket entry.  The Clerk of Court is directed to close this matter accordingly.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 29th day of April, 2025